```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANTHONY RASHAN LEWIS            :   CIVIL ACTION
                                :
        v.                      :
                                :
WILLIAMS J. WOLFE, et al.       :   NO. 13-7269
_____:_____

RODNEY LEE WALTON               :   CIVIL ACTION
                                :
        v.                      :
                                :
LOUIS FOLINO, et al.            :   NO. 13-7689
```

MEMORANDUM

Bartle, J.                                        May 17, 2017

Before the court are the motions of respondents "to alter judgment pursuant to Federal Rule of Civil Procedure 59(e)."[1] The subjects of respondents' motions are two orders of this court dated March 30, 2017. In those orders, this court conditionally granted the petitions of Anthony Rashan Lewis and Rodney Lee Walton for writs of habeas corpus under 28 U.S.C. § 2254 and ordered petitioners released from custody on July 31, 2017 unless they are resentenced on or before that date. See the March 30, 2017 Orders in Lewis v. Wolfe, No. 13-7269 (E.D. Pa.) and Walton v. Folino, No. 13-7689 (E.D. Pa.), and the April 13, 2017 Memorandum in those cases, 2017 WL 1354938 (E.D. Pa.).

---

1. Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

At the time of the crimes committed by petitioners, they were juveniles. They received life sentences without the possibility of parole in 1997 from the Court of Common Pleas of Lancaster County, Pennsylvania. Those mandatory sentences are now unconstitutional as cruel and unusual punishment as a result of the decisions of the Supreme Court in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012) and <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016), which made <u>Miller</u> retroactive.[2]

Respondents now belatedly urge this court to vacate its March 30, 2017 orders and dismiss as moot the petitions of Lewis and Walton. They argue that the petitioners no longer had live cases or controversies when the court entered those orders. Respondents contend that the April 13, 2016 orders of the Common Pleas Court of Lancaster County granted petitioners' post-conviction petitions and thus vacated petitioners' unconstitutional sentences. The order of the Common Pleas Court states, with respect to Lewis:

---

2. The Supreme Court of the United States held in <u>Miller</u> that it is a violation of the Eighth Amendment's prohibition against cruel and unusual punishments to impose a mandatory life sentence without the possibility of parole on a person who was a juvenile at the time of the commission of the crime. 132 S. Ct. at 2469. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The prohibition against cruel and unusual punishments applies to the states through the Due Process Clause of the Fourteenth Amendment. <u>Robinson v. California</u>, 370 U.S. 660, 666 (1962).

> AND NOW, this 13th day of April 2016, upon
> consideration for post conviction collateral
> relief of Defendant Anthony Lewis, and the
> Commonwealth's response thereto, it is
> hereby ORDERED that said petition is
> GRANTED, and Defendant shall be re-sentenced
> on November 2, 2016, at 9:00 a.m. in
> Courtroom No. 8.  It is further ORDERED that
> the Sheriff of Lancaster County is directed
> to transport Defendant from his place of
> incarceration to the Lancaster County Prison
> at least five (5) days before the hearing
> and to return his [sic] after the hearing.

Commonwealth v. Lewis, No. 1947-1996 (Pa. Ct. C.P. Lancaster Cty., April 13, 2016); see also Commonwealth v. Walton, No. 1945-1996 (Pa. Ct. C.P. Lancaster Cty., April 13, 2016).[3]

Petitioners counter that the state court's April 13, 2016 orders did not vacate the unconstitutional sentences.  They maintain that the orders merely granted petitioners' state post-conviction petitions and scheduled hearings that would likely vacate the unconstitutional sentences and impose constitutional ones.

The plain language of the orders of the Court of Common Pleas of Lancaster County grants petitioners' state applications for habeas relief, sets dates for resentencing, and arranges transportation for petitioners to and from the resentencings.  On their face the orders do not state, as respondents argue, that the sentences are vacated.  Thus

---

3.  The order with respect to Walton is identical except that it names Rodney Walton as the defendant and schedules his resentencing for November 1, 2016.

respondents' contention that the orders vacated petitioners' unconstitutional sentences is incorrect.

Even if, as respondents argue, the state court orders vacated the petitioners' sentences, the later May 17, 2016 order of the Common Pleas Court prevented petitioners' resentencing hearings from occurring, as required under Miller and Montgomery. That order stated: "AND NOW this 17th day of May, 2016, upon consideration of the Commonwealth's motion for Stay, it is hereby ORDERED that further proceedings on Defendant's PCRA Petition and re-sentencing is [sic] STAYED pending the Pennsylvania Supreme Court's decision in Commonwealth v. Batts, -- A.3d --, 2016 WL 1575127 (Pa. 2016) (mem.)."[4] Commonwealth v. Gonzalez, No. 1948-1996 (Pa. Ct. Comm. Pleas, May 17, 2016).[5]

Montgomery, as noted above, applied retroactively the substantive constitutional rule of Miller that sentencing schemes for juveniles that required mandatory life imprisonment without the possibility of parole are unconstitutional. 136 S. Ct. at 732. Montgomery described the procedural aspect of Miller prescribed by the Supreme Court:

---

4. Argument took place in the Pennsylvania Supreme Court in Batts on December 7, 2016. Commonwealth v. Batts, No. 45 MAP 2016, at *9 (Pa. April 19, 2016). No decision has yet been handed down.

5. One order was entered with respect to four co-defendants: Aramis Gonzalez, Rodney Lee Walton, Clarence Laudenberger, and Anthony Rashan Lewis.

-4-

> To be sure, Miller's holding has a procedural requirement. Miller requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence. . . . A hearing where youth and its attendant characteristics are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not. The hearing does not replace but rather gives effect to Miller's substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity.

Id. at 734-35 (internal quotations and citations omitted).

Thus under Miller and Montgomery, Lewis and Walton are entitled to a hearing in which "youth and its attendant characteristics" are considered as sentencing factors. Id. at 735. This hearing is necessary to give effect to Miller's substantive holding. Regardless of the nature of the orders of the Common Pleas Court, the fact remains that petitioners have not yet had their resentencing hearings as required by the Supreme Court.

The stay of resentencing proceedings imposed by the May 17, 2016 orders of the Court of Common Pleas effectively withholds the relief to which petitioners are entitled under Miller and Montgomery. Merely vacating a sentence and holding the petitioners for well over a year without resentencing is in violation of the rulings of the United States Supreme Court. If

-5-

respondents are correct that this federal court is now without jurisdiction, state courts could circumvent with impunity what the Supreme Court commands.  Notably absent from respondents' briefing is any citation of case law supporting their position that this court was without jurisdiction to enter its March 30, 2017 orders.

In sum, <u>Miller</u> and <u>Montgomery</u> dictate that the petitioners must be afforded resentencing hearings without delay.  Contrary to the unsubstantiated position of respondents, we cannot stand idly by while the mandate of the United States Supreme Court is being ignored.  As we have previously stated, it is time to get on with these resentencings.

Accordingly, the motions of respondents to alter judgment will be denied.